

**Office of the New York State Attorney General**  **Letitia James Attorney General**

---

November 17, 2025

**By ECF**
Hon. Mae A. D'Agostino
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207-2936

Re:   *NY Citizens Audit Civic Fund, Inc. et al. v. Letitia James et al.*, 1:25-cv-1447 (MAD/MJK)

Dear Judge D'Agostino:

This Office represents Defendants in the above-referenced action. I write pursuant to Rule 2 (A) (i) of this Court's Individual Rules and Practices to request a pre-motion conference and to set forth the grounds that Defendants intend to raise in its anticipated pre-answer motion to dismiss.

Plaintiffs NY Citizens Audit Civic Fund, Inc. (NYCA) and seven individuals who claim to be NYCA officers or volunteers and New York registered voters and residents bring this action against the New York State Board of Elections (BOE) and its commissioners and officials and the New York State Attorney General and attorneys in the Office of the New York State Attorney General (OAG). Although the prolix nature of the Complaint makes it difficult to parse Plaintiffs' allegations and claims, Plaintiffs seemingly allege conspiracy claims related to alleged discrepancies in the State's voter rolls. Broadly stated, in the fifty-two-page, 118 paragraph complaint, Plaintiffs apparently contend that Defendants violated their First, Fifth, and Fourteenth Amendment rights and defamed Plaintiffs when Defendants failed to maintain accurate voter rolls, publicly described Plaintiffs as spreading misinformation, and issued Plaintiffs a cease and desist

letter. Plaintiffs seek declaratory, injunctive, and compensatory relief.[1]

Plaintiffs' dubious claims are foreclosed on a number of grounds.[2] First, Plaintiffs fail to allege that Defendants' conduct caused any concrete harm. A private citizen alleging a claim against a public employee or official must show: "'(1) [the plaintiff] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by [the plaintiff's] exercise of that right; and (3) defendants' actions effectively chilled the exercise of [the plaintiff's] First Amendment right.'" *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) (quoting *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). A plaintiff's "naked assertion of a chill" is insufficient to "defeat a Rule 12(b)(6) motion." *Spear v. Town of W. Hartford*, 954 F.2d 63, 67 (2d Cir. 1992). Plaintiffs fail to provide any allegations plausibly suggesting that their speech was somehow chilled by Defendants' actions. To the contrary, by their own admission, Plaintiffs continued to publicly air their theories after BOE sent its April 2023 letter, *see* Compl. ¶ 46, and continued to issue press releases after the OAG's cease and desist letter, *see id.* ¶ 53. Where a plaintiff shows no change in his behavior, as here, "he has quite plainly shown no chilling of his First Amendment right to free speech." *Curley*, 268 F. 3d at 73; *see Williams*, 535 F.3d at 78.

And Plaintiffs do not plausibly allege any concrete harm outside of a chilling effect. *See Zherka v. Amicone*, 634 F.3d 642, 646 (2d Cir. 2011). Plaintiffs contend that the OAG issued a cease and desist letter and commenced a criminal investigation even though the stated authority

---

[1] Some of the requested relief is unavailable. For example, claims for money damages against the individual defendants sued in their official capacities are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). And, to the extent that the complaint can be read to seek an order directing state officials to conform to state law, that too would be barred by Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).
[2] As the Court is well aware, the facts alleged in the complaint are accepted as true but legal conclusions are not on consideration of a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

for the letter was civil in nature. *See* N.Y. Election Law § 17-212 (2). In any event, a threat of litigation is not a sufficiently concrete harm, particularly if the plaintiff does not allege her First Amendment right were chilled. *See, e.g.*, *Colombo v. O'Connell*, 310 F.3d 115, 117-18 (2d Cir. 2002); *Spear*, 954 F.2d at 67 (chilling effect not alleged even after being sued).

Second, the complaint fails to establish that any action by Defendants was for the purpose of interfering with Plaintiffs' right to vote in violation of 52 U.S.C. § 10101 (b) or that Plaintiffs' right to vote was implicated at all. *See Dekom v. Nassau County*, 595 F. App'x 12, 15 (2d Cir. 2014). Third, Plaintiffs' Fourteenth Amendment substantive due process claim fails because it is expressly premised on the violation of other specific constitutional rights. *See Kia P. v. McIntyre*, 235 F.3d 749, 757-58 (2d Cir.2000).

Fourth, the claim alleging that Defendants did not "properly examine[]" Plaintiffs' reports and petition in violation of procedural due process rights, Compl. ¶ 102, is subject to dismissal because Plaintiffs were not entitled to any process insofar as "proper" consideration of Plaintiffs' submissions did not implicate the loss of life, liberty, or property. *See Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010). Fifth, no claim pursuant to Article 1, § 2 has been alleged because, by Plaintiffs' own admission, they are unable to allege false election outcomes that deprived them of their right to vote and have their votes counted. *See* Compl. ¶ 111; *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964). Lastly, Plaintiffs' defamation claims accrued on the dates of publication in 2023 and are outside of the one-year statute of limitations. *See* CPLR 215 (3); *Bassim v. Hassett*, 184 A.D.2d 908, 910 (3d Dep't 1992).

A motion to dismiss this action is appropriate. Defendants respectfully request a pre-motion conference and that the time to answer or move be stayed pending further order of the Court.

Hon. Mae A. D'Agostino
November 17, 2025
Page 4 of 4

                Respectfully,

                By s/ *Benjamin L. Loefke*
                Benjamin L. Loefke
                Assistant Attorney General, of Counsel
                Bar Roll No. 516796
                Telephone: (518) 776-2739
                Email: Benjamin.Loefke@ag.ny.gov

Cc:    Counsel of Record (via ECF)