John L. O'Kelly, Esq.
PO Box 60
Williston Park, NY 11596-0060
P (516) 450-1720
F (516) 681-1437
okellyj56@gmail.com

November 20, 2025

                        Re: **NYCA.RAV, et al v. Letitia James, et** al
                               **1 :25-cv-1447 (MAD)(MJK)**

Your Honor:

I represent the plaintiffs. The within is submitted pursuant to Rule 2(A)(i) of the Court's Individual Rules And Practices to request a pre-motion conference concerning plaintiffs anticipated motion for summary/declaratory judgment.

Plaintiffs submit there are a number of factual assertions by the plaintiffs in their case that cannot plausibly be disputed by the defendants and that these assertions, if declared true/summarily adjudicated as true by the Court, will resolve this matter expeditiously; this in that this will establish that plaintiffs NYSVoter audit findings were not disinformation and that plaintiffs did not engage in the criminal intimidation of voters, contrary to the contentions of the defendants and that the defendant Attorney General's criminal investigation of NYCA, allegedly based on citizen reports of criminal impersonation and intimidation by NYCA, was a pretext.

Plaintiffs contend the following are amenable to summary adjudication by the Court:

- The presence in NYSVoter of multiple steganographically masked (hidden in plain sight) algorithmic programs clandestinely controlling the assignment and structure of NYSVoter ID numbers, evidencing a Level 4 "Severe"[1], "Total Loss of Control"

---

[1] https://www.cisa.gov/sites/default/files/2023-01/cisa_national_cyber_incident_scoring_system_s508c.pdf

cyber incident[2] of NYSVoter by actors unknown, in violation of national critical infrastructure information security[3] controls as described within the Federal Information Security Modernization Act of 2014 (FISMA, 44 U.S.C. § 3551, *et seq*). The research establishing the algorithm's presence in NYSVoter was peer-reviewed by cyber-intelligence experts and published in the May, 2023 Journal of Information Warfare (JIW) in an article authored by a NYCA volunteer. The article is titled: 'The Caesar Cipher and Stacking the Deck in New York State Voter Rolls", a copy of which is annexed to plaintiffs' complaint as **Ex. 1**.

- The assignment by NYSBOE of 2,427,827 unique state voter ID numbers (SBOEID) to 1,170,790 NYS voters despite black letter law forbidding the assignment of more than one unique state ID per voter, which single, unique ID number is supposed to follow the voter for life.[4] NYCA audits show that the excess 1,170,790 ID numbers[5] issued by NYSBOE enabled fraudulent votes. NYCA documented forged registration and fraudulent votes associated with many of the excess SBOEID numbers. NYSBO has publicly acknowledged that multiple SBOEID were issued to individual voters.

- Large discrepancies between the number of votes certified by the NYSBOE as having been counted and the number of voters who actually voted in NYS elections in 2020, 2022 and 2024 as evidenced by NYSVoter official voting history records.

---

[2] 44 U.S.C. § 3552(b)(2)(A) "The term "incident" means an occurrence that actually or imminently jeopardizes, without lawful authority, the integrity, confidentiality, or availability of information or an information system."
[3] 44 U.S.C. §3552(b)(3)(A) "The term "information security" means protecting information and information systems from unauthorized access, use, disclosure, disruption, modification, or destruction in order to provide integrity, which means guarding against improper information modification or destruction, and includes ensuring information nonrepudiation and authenticity."

[4] N.Y. Comp. Codes R. & Regs. Tit. 9 § 6217.5(e) "NYSVoter shall assign a unique identifier to every voter that will remain with the voter for their voting life."
[5] Based on a copy of NYSVoter dated October 21, 2021. This number continues to increase and stood at 1,558,302 according to a copy of NYSVoter dated December 10, 2025.

- The illegal overwriting of election records from the November 3, 2020 General Election in violation of 52 USC §20701, which requires the preservation of all election records for 22 months. The overwriting was admitted by Michael Chin, an IT professional with the NYSBOE in response to a NYCA FOIL request.[6]

- Large scale changes to the vote following certification of the 2020 NYS election results by the NYSBOE, including the addition of over 223,000 illegal *double votes* added to the voting history records of voters who had previously voted only once. These double votes were added sometime between December 19, 2022 and July 3, 2023, according to carefully examined copies of NYSVoter obtained by NYCA on those dates.

- That the defendants attacked NYCA and termed its findings disinformation without ever having examined the data upon which NYC based its contentions. A video taped NYSBOE Board meeting establishes this, as do written NYSBOE communications.

- That there were no credible complaints establishing criminal impersonation of election officials or criminal voter intimidation of voters by NYCA volunteers despite the NYS AG's claim otherwise. NYCA FOIL requests establish this.

Resolution of the foregoing issues will result in the expeditious resolution of the case, conserving judicial and litigant resources and delivering justice. Given that and given that plaintiffs believe there can be no good faith dispute on the issues, it is submitted a motion is warranted.

Respectfully Submitted,

_____
John L. O'Kelly, Esq. (2009132)